**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-03-1167-PHX-DGC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Robert J. Johnston, et al., | ) | |
| | ) | |
| Defendants. | ) | |

A twelfth case management conference was held on December 21, 2005, to discuss case management and other issues. All parties (other than Defendant Paul Eisheid, who currently is a fugitive) were represented by counsel, either by their own attorney or by an attorney covering the hearing for them. The presence of non-attending Defendants was waived. On the basis of this conference,

**IT IS ORDERED:**

1. A thirteenth case management conference will be held on **January 19, 2006 at 2:00 p.m.** (Counsel should note that this is a different time than indicated during the twelfth case management conference.)

2. A hearing on outstanding discovery issues will also be held on **January 19, 2006 at 2:00 p.m.** In preparation for that hearing:

   a. Defendants shall file with the Court and deliver to the Government, on or before the close of business on **December 30, 2005**, a list of outstanding issues related

to the Government's production of the 51 Laughlin videotapes. This filing will identify any technical or content concerns Defendants have about the videotapes (missing segments, edits, poor quality, etc.), any chain of custody concerns, and the information recently disclosed by federal authorities in Nevada as described by Mr. Russo during the twelfth case management conference.

   b. The Government shall file a response, on or before the close of business on **January 13, 2006**, that addresses in detail each concern raised in Defendants' filing. As part of this response, the Government shall identify which of the Laughlin videotapes it intends to use at trial and existing chain of custody documents related to those videotapes.

   c. Defendants shall file a reply by the close of business on **January 17, 2006**.

   d. At the hearing on January 19, 2006, the Court will consider whether the Government's disclosures have been sufficient, whether an evidentiary hearing is needed on this issue as proposed by Mr. Paige at the twelfth case management conference, whether evidence should be excluded on the basis of incomplete disclosure or other problems, and whether charges should be dismissed on the basis of incomplete disclosure.

 3. The Court discussed other discovery motions filed by Defendants, including Docs. ## 946, 968, and 990. The Government shall respond to these motions on or before **January 13, 2006**. If Defendants wish to raise the issues in these motions at the hearing on January 19, 2006, they shall file replies on or before the close of business on **January 17, 2006**.

 4. Defense counsel objected to counsel for the Government contacting APEX, the defense depository in this case. Government counsel explained that they have contacted APEX only to confirm what discovery has been provided to Defendants. Because APEX is the defense depository, counsel for the Government in the future should contact APEX only with the knowledge and consent of defense counsel.

 5. The Court **denied** Defendant Smith's motion to continue the motions deadline

- 2 -

and trial date by 60 days. Doc. #941. The trial date of **April 25, 2006** will not be changed. Except as specified in the next paragraph, the motions deadline remains **December 14, 2005**.

7. Defendant Augustiniak has filed a motion to continue the deadline for defense pretrial motions. Doc. #962. The motion will be **denied** to the extent it seeks to continue the deadline for all defense motions. As the Court explained at the twelfth case management conference, however, Defendants who believe additional defense motions are warranted on the basis of information produced by the Government on or after November 4, 2005, may apply to the Court for leave to file such motions. If the Court concludes that the motions could have been filed on December 14, 2005, it will deny the request. If Defendants demonstrate, however, that the motion could not reasonably have been filed on that date due to the Government's disclosures on or after November 4, 2005, the Court will grant leave to file the motion. Leave to file additional defense motions must be sought on or before **January 19, 2006**.

8. The Court will **grant** the Government's supplemental ex parte application to defer certain discovery. Doc. #884. This application is granted under the authority of Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court will set forth its reasons for granting the application in a separate sealed order. Items that may be withheld by the Government include three categories: (1) material covered by the Rule 16(d)(1) order entered above as well as materials covered by the Court's order dated October 12, 2005 (Doc. #844); (2) any *Brady/Giglio* material not included within the Court's protective order,[1] and (3) any Jencks Act statements (as narrowly defined in the Court's previous orders). The Government previously has provided the Court with a notice regarding documents withheld from Defendants. *See* Doc. #852. To assist the Court in fully understanding all documents being withheld by the Government, the Government shall file

---

[1] The Court notes that this could only be material not covered by Rule 16(a)(1). To the extent *Brady/Giglio* material falls within Rule 16(a)(1) and is not covered by the Court's protective orders, it should have been disclosed pursuant to Rule 16.

- 3 -

a table with the Court on or before the close of business on **January 13, 2006**. The table may be filed *ex parte*. The table shall identify each of the documents being withheld from Defendants. These documents shall be identified by the numbers set forth in Doc. #852, the corresponding number from the parties' discovery matrix, the exact number of pages of the documents, and the basis on which the documents have been withheld (this Court's Rule 16(d)(1) orders, *Brady/Giglio* documents not covered by Rule 16, or the Jencks Act).

9. The Government has proposed that some of the withheld documents be disclosed to Defendants six weeks before trial (the "six-week documents") and that the remainder be disclosed two weeks before trial (the "two-week documents"). *See* Doc. #852. To ensure that Defendants have adequate time to review these documents prior to trial, the Court will Order that the six-week documents be disclosed to Defendants on or before **February 24, 2006**, and that the two-week documents be disclosed on or before **March 10, 2006**.

10. On or before **March 24, 2006**, the parties shall jointly prepare and submit to the Court a Proposed Final Pretrial Order. The Order shall include the following:

    a. All stipulations of material fact;

    b. A list of all exhibits to be used at trial by the Government;

    c. Defense objections, if any, to the Government's exhibits;

    d. A list of exhibits to be used at trial by Defendants;

    e. A list of objections, if any, to Defendants' exhibits;

    f. Jointly proposed preliminary and final jury instructions, the Government's additional proposed jury instructions, and Defendants' additional proposed jury instructions;

    g. Jointly proposed voir dire questions, the Government's additional proposed voir dire questions, and Defendants' additional proposed voir dire questions;

    h. A joint statement of the case to be read to the jury during voir dire;

    i. A joint witness list to be read to the jury during voir dire;

    j. A joint proposed verdict form.

Objections to exhibits or other documentary evidence not set forth in the Proposed Final Pretrial Order will be deemed waived.

  11. Motions in limine shall be filed on or before **March 17, 2006**. Responses shall be filed on or before **March 29, 2005**. Replies shall not be filed unless required by the Court. Motions and response shall be no longer than five pages in length.

  12. A final pretrial conference will be held on **April 5, 2006 at 9:00 a.m.** All aspects of the Proposed Final Pretrial Order as set forth above, as well as motions in limine, will be discussed at the Final Pretrial Conference.

  13. The dates of **April 12-15, 2006**, shall be set aside for possible hearings, including evidentiary hearings, on pretrial issues.

  14. The Court discussed its previous Order on jury selection procedures, dated November 9, 2005 (Doc. #889), with counsel. The Court separately will issue an order setting forth the jury selection procedures for this case.

  15. The Court discussed other trial procedures with the parties. These include the following:

    a. Due to the large number of attorneys involved in this case, no sidebar discussions shall occur during trial;

    b. To the greatest extent possible, final jury instructions will be settled prior to trial;

    c. An objection made during trial by counsel for one Defendant will be deemed to have been made on behalf of all Defendants (joinders in objections will not be necessary or permitted);

    d. Trial will be held each day from 8:45 a.m. to 4:00 p.m., with 20 minute breaks at 10:15 a.m. and 2:30 p.m. and a lunch break from 12:00 to 1:00 p.m.

  16. The Court and counsel discussed the courtroom in which to hold trial. On or before **January 13, 2006**, counsel are requested to contact Deb Lucas at 322-7100 to

arrange a view of the Special Proceedings Courtroom. The Court will set up different tables in Courtroom 603 for the hearing to be held on January 19, 2006. Counsel's views on the appropriate courtroom for trial will be sought at the hearing on January 19, 2006.

17. Counsel are urged to remind their staff to exercise care when filing documents electronically with the Court. Only motions should be docketed as motions, clear titles should be used, the Defendants on behalf of whom a document is filed should be clearly identified, and the filer should link the filing to the docket number of any document to which the filing is responding.

18. The Court will confer with the Clerk's and Marshal's offices to determine the proper procedure to be used by the Government in storing gun exhibits during the course of trial.

**IT IS FURTHER ORDERED** that Defendant Donald Smith's motion to continue the motions deadline and trial date by 60 days (Doc. #941) is **denied**.

**IT IS FURTHER ORDERED** that Defendant Kevin Augustiniak's motion to continue the deadline for defense pretrial motions (Doc. #962) is **granted in part and denied in part** as set forth above.

**IT IS FURTHER ORDERED** that the Government's supplemental ex parte application to defer certain discovery (Doc. #884) is **granted**.

DATED this 22nd day of December, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge